UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BANCO PANAMERICANO, INC., a South Dakota Corporation, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF PEORIA, ILLINOIS, an Illinois Municipal Corporation, and COUNTY OF PEORIA, ILLINOIS, a unit of local government in the State of Illinois, )<br>)<br>)<br>)<br>)<br>Defendants. ) | Case No. 13-1064 |

# O R D E R

This matter is now before the Court on Defendants' Motion to Dismiss the Complaint. For the reasons set forth below, the Motion to Dismiss [6] is DENIED.

## BACKGROUND

Plaintiff filed a Complaint against Defendants City of Peoria (the "City") and Peoria County (the "County") alleging that they have been unjustly enriched by refusing to compensate Plaintiff for the use of landfill gas to energy conversion equipment located at a landfill owned by the City and County. Plaintiff provided post-bankruptcy financing to the contractor that owned and installed the equipment, receiving a security interest in the assets in return. The contractor subsequently defaulted on the arrangement, and Plaintiff seeks to enforce its security interest against the City and County. Defendants have moved to dismiss. Plaintiff has responded, and this Order follows.

## DISCUSSION

Courts have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief. *See* Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the

mandate in Federal Rules of Civil Procedure 8(f). More recently, the Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).  Furthermore, the claim for relief must be "plausible on its face."  Id.; Ashcroft v. Iqbal, 129 S.Ct. 1937, 1953 (2009).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff.  *See* Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. V. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992).

Defendants argue that the Complaint fails to state a claim for unjust enrichment, as it fails to state sufficient facts demonstrating that they were unjustly enriched, any impoverishment on the part of Plaintiff, or any relationship between the alleged enrichment and impoverishment.  Rule 8(a) of the Federal Rules of Civil Procedure provides:

> A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction, and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Here, Plaintiff has alleged that Defendants have received a benefit by retaining the gas to energy conversion equipment without paying rent on it.  Plaintiff further alleges that it holds a security interest in the equipment as a result of providing post-bankruptcy financing to the contractor and that it is attempting to enforce its security interest in the wake of a default on the

financing agreement by the contractor. The alleged retention and use of the equipment without providing rental payments sufficiently alleges a detriment to Plaintiff. The allegation that Plaintiff has a security interest in the equipment also promotes the reasonable inference that it has a claim to the equipment or revenue therefrom that is superior to Defendants status as renters, suggesting a benefit being retained by Defendants. This sufficiently outlines a recognizable legal claim and promotes the reasonable inference that Defendants have been unjustly enriched as required to survive a motion to dismiss.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss [6] is DENIED. Defendants shall answer the Complaint within 21 days from the date of this Order. This matter is again referred to the Magistrate Judge for further proceedings.

ENTERED this 29th day of October, 2013.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge